IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| SKYWAVE NETWORKS, LLC,<br>                            Plaintiff,<br>v.<br><br>WILLIAM J. DISOMMA; PAUL A. GURINAS; MATTHEW HINERFELD; WILLIAM DISOMMA TRUST; PAUL A. GURINAS TRUST; JUMP FINANCIAL, LLC; JUMP TRADING HOLDINGS, LLC; JUMP TRADING, LLC; ECW WIRELESS, LLC; WORLD CLASS WIRELESS, LLC; VIRTU FINANCIAL, INC.; NLN HOLDINGS LLC; NEW LINE NETWORKS LLC; AND 10BAND LLC,<br>                            Defendants. | No. 1:24-cv-9650<br>Judge Georgia N. Alexakis |

**JOINT INITIAL STATUS REPORT FOR REASSIGNED CASE**

Pursuant to the Court's January 31, 2025 order (ECF No. 84), Plaintiff Skywave Networks, LLC ("Plaintiff" or "Skywave") and Defendants William J. DiSomma; Paul A. Gurinas; Matthew Hinerfeld; William DiSomma Trust; Paul A. Gurinas Trust; Jump Financial, LLC; Jump Trading Holdings, LLC; Jump Trading, LLC; ECW Wireless, LLC; World Class Wireless, LLC; Virtu Financial, Inc.; NLN Holdings LLC; New Line Networks LLC; and 10Band LLC (collectively, "Defendants") state the following for their Joint Initial Status Report:

**I.    Nature of the Case**

    A.    <u>Counsel of Record</u>

Plaintiff Skywave Networks, LLC is represented by Justin Wilcox (jwilcox@desmaraisllp.com, 202-451-4900), Steve Balcof (sbalcof@desmaraisllp.com, 212-808-2944), Goutam Patnaik (gpatnaik@desmaraisllp.com, 202-451-4911), Jamie Dohopolski (jdohopolski@desmaraisllp.com, 202-451-4935), Peter Kotecki (pkotecki@desmaraisllp.com, 212-808-1067), and Thomas Romanchek (tromanchek@desmaraisllp.com, 202-451-4931) from Desmarais LLP and Justin Barker (justin.barker@nelsonmullins.com, 312-376-1014) and Ariana Garcia-Moore (ariana.garciamoore@nelsonmullins.com, 312-376-1104) from Nelson Mullins Riley & Scarborough LLP. Mr. Wilcox will be lead trial counsel for Skywave.

Defendants William J. DiSomma; Paul A. Gurinas; Matthew Hinerfeld; William DiSomma Trust; Paul A. Gurinas Trust; Jump Financial, LLC; Jump Trading Holdings, LLC; Jump Trading, LLC; ECW Wireless, LLC; World Class Wireless, LLC; NLN Holdings LLC; New Line Networks LLC; and 10Band LLC are represented by Chris Gair (cgair@gairgallo.com, 312-600-4900) and Ingrid Yin (iyin@gairgallo.com, 312-748-6887) from Gair Gallo Eberhard LLP, and Neema Sahni (nsahni@cov.com, 424-332-4757), J. Hardy Ehlers (jehlers@cov.com, 424-332-4778), and

Gerard J. Waldron (gwaldron@cov.com, 202-662-6000) of Covington & Burling LLP. Mr. Gair will be lead trial counsel for these Defendants.

Defendant Virtu Financial, Inc. is represented by Robert Y. Sperling (rsperling@paulweiss.com, 212-373-3148), Andrew G. Gordon (agordon@paulweiss.com, 212-373-3543), Jessica S. Carey (jcarey@paulweiss.com, 212-373-3566), Katherine B. Forrest (kforrest@paulweiss.com, 212-373-3195), and Kristina A. Bunting (kbunting@paulweiss.com, 212-373-3503) of Paul, Weiss, Rifkind, Wharton & Garrison LLP. Mr. Sperling, Mr. Gordon, and Ms. Carey will be lead trial counsel for Virtu Financial, Inc.

    B.    <u>Basis for Jurisdiction</u>

        1.    *Plaintiff's Position*

As explained in Skywave's Complaint, ECF No. 4 at ¶¶ 20–21, 196–209, this Court has jurisdiction under 28 U.S.C. § 1331 to hear Skywave's claims that it was injured by Defendants' violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c) and 1962(d). Skywave's claims focus on Defendants' misconduct in (a) fraudulently obtaining experimental licenses from the Federal Communications Commission ("FCC") through intentionally false statements and representations in the license application process, and (b) once issued, unlawfully using shortwave radio technology under those experimental licenses for unauthorized purposes, namely commercial trading of financial instruments. Through their racketeering and scheme to obtain and unlawfully use experimental FCC licenses for financial trading, Defendants reaped significant financial gains and inflicted economic harm on Skywave. Contrary to Defendants' position below, Skywave's claims are not a collateral attack on the FCC's grant of Defendants' experimental licenses, and review of Defendants' challenged conduct is not statutorily committed to the exclusive jurisdiction of the FCC. Skywave does not seek revocation of Defendants' experimental licenses or alteration of any experimental license terms. *See* ECF No. 4, Prayer for Relief.

        2.    *Defendants' Position*

As explained in Defendants' motion to dismiss, ECF No. 71-1 at 28–34, this Court lacks jurisdiction to hear Skywave's claims because they are impermissible collateral attacks on regulatory decisions (i.e., the FCC's decisions to grant the Experimental Licenses) that Congress committed to the exclusive jurisdiction of the FCC and the D.C. Circuit. *See* 47 C.F.R § 1.115(d) (applications for review of FCC staff licensing decisions must be filed with the full Commission within 30 days of staff action); 47 U.S.C. § 402(b) (challenges to an FCC final licensing decision must be filed with the D.C. Circuit). Skywave's requested injunctive and monetary relief impermissibly asks this Court to prevent Defendants from using Experimental Licenses granted by the FCC and to penalize Defendants for past use of such licenses, but Skywave never sought to challenge the issuance of the Experimental Licenses it alleges caused it harm years ago before the FCC (or the D.C. Circuit). In fact, Skywave's sole regulatory challenge—to one license renewal from 2023—remains pending with the FCC staff while Skywave seeks to collaterally attack that renewal in this Court. *See CE Design Ltd.* v. *Prism Bus. Media, Inc*., 2009 WL 2496568, at \*12 (N.D. Ill. Aug. 12, 2009) (claim is impermissible collateral attack where "the complaint filed in the district court raise[s] the same issues and seek[s] the same relief in substance as" in the FCC's

2

proceedings (citation omitted)), *aff'd*, 606 F.3d 443 (7th Cir. 2010). Where, as here, "Congress places review of an administrative decision in the court of appeals, district judges may not enjoin or penalize action that the agency has approved or that is the natural outcome of the agency's decision." *Ordower* v. *Off. of Thrift Supervision*, 999 F.2d 1183, 1188 (7th Cir. 1993). This Court lacks jurisdiction to enjoin Defendants' use of the Experimental Licenses granted by the FCC or to penalize past use of those licenses through treble damages.

      C.      Nature of Claims

           1.      *Plaintiff's Position*

Skywave is a company that was founded in 2016 to commercially develop and deploy its innovative shortwave trading technology for transcontinental wireless networks. Skywave invested significant amounts of time and money into preparing and acquiring the necessary components to build out its network, including transmitter and receiver site locations, construction permits, business partners and traders, Radio Frequency (RF) engineers and network specialists, and FCC commercial license applications. However, Defendants' pattern of racketeering harmed Skywave by hampering Skywave's ability to obtain customers, impeding its access to the trading market, and precluding Skywave from completing its shortwave network and making profits.

Defendants are a collection of companies and individuals who operate Defendants' racketeering enterprise for the purpose of building out a commercial trading network that includes shortwave connections. Defendants racketeer and conspire to racketeer through their enterprise by unlawfully misusing FCC experimental licenses to engage in financial instrument trading using shortwave connections. Through that misuse, Defendants gain a critical speed advantage—a speed advantage that Skywave sought to lawfully provide through its technology—and caused a closure of the high-frequency trading market to others, including Skywave. Defendants conducted their racketeering scheme without detection until 2022, when a new market analytics tool enabled Skywave, for the first time, to discover evidence of financial instrument trading through shortwave despite the FCC having issued no commercial licenses for such use.

Each Defendant has continuously directed, controlled, managed, and conducted the affairs of the enterprise through a pattern of racketeering activity and conspired to do the same under 18 U.S.C. §§ 1962(c) and 1962(d). Defendants accomplished this through (1) repeated false or fraudulent statements on Defendants' FCC experimental license applications, modification applications, renewal applications, consent of assignment applications, and confidentiality requests; and (2) continuous financial instrument trading through unlawful use of those experimental licenses.

All disputes of fact regarding Defendants' violations of §§ 1962(c) and 1962(d) and the resulting injury to Skywave should be resolved by a jury.

           2.      *Defendants' Position*

Skywave is a company that desired to commercialize a shortwave radio technology to license to high-frequency trading firms for intercontinental trading, but did not succeed in doing so or even get close. Defendants are two financial trading firms (Jump Trading and Virtu

3

Financial, Inc.) that formed a joint venture that, among other things, developed shortwave transmission technology; the joint venture-controlled entity (10Band, LLC); and a group of affiliated individuals and entities. All Defendants have accepted service. Skywave claims that Defendants should be held liable for its business failures because Defendants' own business activities under their FCC licenses supposedly harmed their trading firm competitors (and Skywave's potential clients) such that Skywave was not able to secure or maintain adequate funding for its idea since one of its business partners withdrew in 2017.

Specifically, Skywave alleges that each Defendant violated the substantive and conspiracy provisions of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (d), by allegedly defrauding the FCC to obtain licenses to test the use of shortwave radio technology (the "Experimental Licenses") and then allegedly using those Experimental Licenses to engage in unlawful commercial trading at speeds faster than Defendants' trading firm competitors. Skywave claims that Defendants conducted a pattern of racketeering through acts of wire fraud allegedly committed through applications to the FCC for the Experimental Licenses (which were approved by the agency), and through their commercial trading. Skywave does not specify how any trade conducted by any Defendant was purportedly fraudulent.

Defendants deny that they are liable under any of Skywave's causes of action and deny that Skywave has suffered any damages. As discussed further in section I.B and in Defendants' motion to dismiss, ECF No. 71-1, Defendants' defenses to Skywave's claims include that this Court lacks jurisdiction, that the statute of limitations has expired because Skywave pleads that it knew of its claimed injuries by March 2017 (such that RICO's four-year statute of limitations period expired more than three years before Skywave filed suit), that Skywave failed to exhaust its administrative remedies with the FCC, and that Skywave has failed to state any claim for relief because it has not plausibly pled:
- That Defendants' challenged conduct proximately caused any of its alleged injuries, as required by RICO;
- That Defendants' challenged conduct was the but-for cause of any of its alleged injuries;
- The existence of an enterprise under RICO;
- Wire fraud with particularity as required by Federal Rule of Civil Procedure 9(b);
- Any predicate act of wire fraud given that the alleged object of the fraud was a government-issued license;
- That each Defendant had the intent to defraud, as required for a wire fraud claim;
- That Defendants committed wire fraud by engaging in commercial trading, when such a theory is barred by 18 U.S.C. § 1964(c);
- That each Defendant engaged in pattern of racketeering activity;
- That each Defendant agreed to a conspiracy as required by 18 U.S.C. § 1962(d); or
- That it could have in fact implemented the business model that it claims was injured by Defendants' challenged conduct, especially when it does not allege to have applied for, or even that FCC rules provide for, the license it claims to have needed to implement that business model.

Further, Skywave has failed to mitigate any claimed damages. Defendants' investigation of the facts is ongoing, and they may supplement or revise this statement at a later date.

4

D. <u>Relief Sought by Plaintiff</u>

Skywave seeks (a) a declaration that each Defendant has violated 18 U.S.C. § 1961 *et seq.*; (b) an injunction restraining each Defendant from any unlawful direct or indirect use of experimental licenses and from engaging in any other unlawful trading practice directed towards obtaining for any Defendant's maximum financial benefit or acting to the detriment of competitors; (c) Skywave's monetary damages plus pre-judgment and post-judgment interest; (d) treble damages, attorneys' fees, and litigation costs; and (e) any relief available under law that the Court may deem proper. ECF No. 4, Prayer for Relief.

**II.  Discovery and Pending Motions**

A. <u>Pending Motions</u>

Defendants moved to dismiss Skywave's complaint in its entirety, with prejudice, on December 16, 2024. *See* ECF No. 71-1. Skywave's opposition to the motion or an amended complaint is due by February 13, 2025. ECF No. 84. If Skywave opposes the motion, Defendants' reply in support of their motion to dismiss is due by March 27, 2025. ECF No. 84.

B. <u>Discovery & Future Motions</u>

The parties have not conducted any discovery to date, and the Court has not set a discovery schedule. The Court has also not issued any substantive rulings in this case. The parties respectfully submit that it is premature to set deadlines for issuance and completion of discovery while Defendants' motion to dismiss the complaint in its entirety remains pending. The parties propose that, if any of Skywave's claims survive Defendants' motion to dismiss, the parties meet and confer within seven days following the Court's decision on that motion and submit a joint status report containing a proposed discovery schedule within 14 days of the Court's decision.

**III.  Trial**

Skywave requests a jury trial. No trial date or pre-trial schedule has been set. The parties are unable to estimate the length of any trial at this time.

**IV.  Settlement, Referrals, and Consent**

The parties have not engaged in any settlement discussions, and they do not request a settlement conference at this time. The parties do not unanimously consent to proceed before a Magistrate Judge, and this case has not been referred to the Magistrate Judge for any purpose.

Dated: February 7, 2025                                              Respectfully submitted,

*/s/Justin A. Barker*                                                          /s/Chris Gair
Justin A. Barker                                                                Chris Gair
Ariana Garcia-Moore                                                     Ingrid Yin
**Nelson Mullins Riley & Scarborough LLP**     **Gair Gallo Eberhard LLP**

5

123 North Wacker Drive, Suite 2100
Chicago, Illinois 60606
Tel: (312) 376-1014
justin.barker@nelsonmullins.com
ariana.garciamoore@nelsonmullins.com

Justin Wilcox (admitted *pro hac vice*)
Goutam Patnaik (admitted *pro hac vice*)
Jamie Dohopolski (admitted *pro hac vice*)
Thomas Romanchek (admitted *pro hac vice*)
**Desmarais LLP**
1899 Pennsylvania Avenue, NW, Suite 400
Washington, D.C. 20006
Tel: (202) 451-4900
Fax: (202) 451-4901
jwilcox@desmaraisllp.com
gpatnaik@desmaraisllp.com
jdohopolski@desmaraisllp.com
tromanchek@desmaraisllp.com

Steven Balcof (admitted *pro hac vice*)
Peter Kotecki (admitted *pro hac vice*)
**Desmarais LLP**
230 Park Avenue, 26th Floor
New York, New York 10169
Tel: (202) 351-3400
Fax: (202) 351-3401
sbalcof@desmaraisllp.com
pkotecki@desmaraisllp.com

*Counsel for Skywave Networks, LLC*

1 East Wacker Drive, Suite 2600
Chicago, IL 60601
Tel: (312) 600-4900
cgair@gairgallo.com
iyin@gairgallo.com

Gerard J. Waldron (admitted *pro hac vice*)
**Covington & Burling LLP**
One City Center
850 Tenth Street, NW
Washington, D.C. 20001
Tel: (202) 662-5360
gwaldron@cov.com

J. Hardy Ehlers (admitted *pro hac vice*)
Neema Sahni (admitted *pro hac vice*)
**Covington & Burling LLP**
1999 Avenue of the Stars
Los Angeles, CA 90067
Tel: (424) 332-4778
Fax: (424) 332-4757
jehlers@cov.com
nsahni@cov.com

*Counsel for Defendants William J. Disomma, Paul A. Gurinas, Matthew Hinerfeld, William Disomma Trust, Paul A. Gurinas Trust, Jump Financial, LLC, Jump Trading Holdings, LLC, Jump Trading, LLC, ECW Wireless LLC, World Class Wireless, LLC, NLN Holdings LLC, New Line Networks LLC, 10Band LLC*

*/s/ Robert Y. Sperling*
Robert Y. Sperling
Andrew G. Gordon (admitted *pro hac vice*)
Jessica S. Carey (admitted *pro hac vice*)
Katherine B. Forrest (admitted *pro hac vice*)
Kristina A. Bunting (admitted *pro hac vice*)
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3148
rsperling@paulweiss.com
jcarey@paulweiss.com

6

agordon@paulweiss.com
kforrest@paulweiss.com
kbunting@paulweiss.com

*Counsel for Defendant Virtu Financial, Inc.*