**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SKYWAVE NETWORKS, LLC,

                Plaintiff,

v.

WILLIAM J. DISOMMA;
PAUL A. GURINAS;
MATTHEW HINERFELD;
JOHN MADIGAN;
JUMP TRADING, LLC; AND
VIRTU FINANCIAL, INC.,

                Defendants.

Case No. 1:24-cv-9650

Honorable Judge Georgia N. Alexakis

## PLAINTIFF'S NOTICE OF APPEAL

      **PLEASE TAKE NOTICE** that pursuant to Federal Rules of Appellate Procedure 3(a)(1) and 4(a)(1) and Circuit Rule 3, Plaintiff Skywave Networks, LLC hereby appeals to the United States Court of Appeals for the Seventh Circuit from the Memorandum Opinion and Order (ECF Nos. 118–19) and Judgment (ECF No. 120) of the United States District Court for the Northern District of Illinois entered on December 2, 2025 .

Dated: December 31, 2025

                          Respectfully submitted,

                          */s/ Justin P.D. Wilcox*
                          Justin P.D. Wilcox (admitted *pro hac vice*)
                          Thomas Derbish (admitted *pro hac vice*)
                          Jamie Dohopolski (admitted *pro hac vice*)
                          Thomas Romanchek (admitted *pro hac vice*)
                          **Desmarais LLP**
                          1899 Pennsylvania Avenue, NW, Suite 400
                          Washington, D.C. 20006
                          Tel: (202) 451-4900
                          Fax: (202) 451-4901
                          jwilcox@desmaraisllp.com

tderbish@desmaraisllp.com
jdohopolski@desmaraisllp.com
tromanchek@desmaraisllp.com

Steven Balcof (admitted *pro hac vice*)
Peter Kotecki (admitted *pro hac vice*)
**Desmarais LLP**
230 Park Avenue, 26th Floor
New York, New York 10169
Tel: (202) 351-3400
Fax: (202) 351-3401
sbalcof@desmaraisllp.com
pkotecki@desmaraisllp.com

*Counsel for Skywave Networks, LLC*

Justin A. Barker
Ariana Garcia-Moore
**Nelson Mullins Riley & Scarborough LLP**
123 North Wacker Drive, Suite 2100
Chicago, Illinois 60606
Tel: (312) 376-1014
justin.barker@nelsonmullins.com
ariana.garciamoore@nelsonmullins.com

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned, an attorney, certifies that he caused the foregoing Notice of Appeal to

be filed and served upon counsel of record via the Court's ECF system on December 31, 2025.


/s/     *Justin A. Barker*
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SKYWAVE NETWORKS, LLC,

                    Plaintiff,

v.

WILLIAM J. DISOMMA;
PAUL A. GURINAS;
MATTHEW HINERFELD;
JOHN MADIGAN;
JUMP TRADING, LLC; AND
VIRTU FINANCIAL, INC.,

                    Defendants.

Case No. 1:24-cv-9650

Honorable Judge Georgia N. Alexakis

## PLAINTIFF SKYWAVE NETWORKS, LLC'S
## CIRCUIT RULE 3(c) DOCKETING STATEMENT

Pursuant to Federal Rule of Appellate Procedure 12 and Circuit Rules 3(c)(1) and 28(a), Plaintiff Skywave Networks, LLC hereby submits the following Docketing Statement:

### 1.    District Court Jurisdictional Statement:

Plaintiff Skywave Networks, LLC ("Skywave" or "Plaintiff"), is a Delaware limited liability company in good standing with its principal place of business located in Wanatah, Indiana. Plaintiff filed this action under the Racketeer Influenced Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq*. The United States District Court for the Northern District of Illinois has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

1

2.      **<u>Court of Appeals Jurisdiction:</u>**

Pursuant to 28 U.S.C. § 1291, this Court has jurisdiction over the appeal from the final judgment of the District Court in this matter. The Memorandum Opinion and Order (ECF Nos. 118–19) and Judgment (ECF No. 120), from which this appeal is taken, were entered by United States District Court for the Northern District of Illinois on December 2, 2025.

3.      **<u>Timeliness Of Appeal:</u>**

Plaintiff timely filed its notice of appeal on December 31, 2025.

4.      **<u>Prior Appellate Proceedings:</u>**

There are no prior or related appellate proceedings in this matter.

Dated: December 31, 2025

<div style="margin-left: 40%;">

Respectfully submitted,

*/s/ Justin P.D. Wilcox*
Justin P.D. Wilcox (admitted *pro hac vice*)
Thomas Derbish (admitted *pro hac vice*)
Jamie Dohopolski (admitted *pro hac vice*)
Thomas Romanchek (admitted *pro hac vice*)
**Desmarais LLP**
1899 Pennsylvania Avenue, NW, Suite 400
Washington, D.C. 20006
Tel: (202) 451-4900
Fax: (202) 451-4901
jwilcox@desmaraisllp.com
tderbish@desmaraisllp.com
jdohopolski@desmaraisllp.com
tromanchek@desmaraisllp.com

Steven Balcof (admitted *pro hac vice*)
Peter Kotecki (admitted *pro hac vice*)
**Desmarais LLP**

</div>

230 Park Avenue, 26th Floor
New York, New York 10169
Tel: (202) 351-3400
Fax: (202) 351-3401
sbalcof@desmaraisllp.com
pkotecki@desmaraisllp.com

Justin A. Barker
Ariana Garcia-Moore
**Nelson Mullins Riley & Scarborough LLP**
123 North Wacker Drive, Suite 2100
Chicago, Illinois 60606
Tel: (312) 376-1014
justin.barker@nelsonmullins.com
ariana.garciamoore@nelsonmullins.com


*Counsel for Skywave Networks, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that he caused the foregoing Docketing

Statement to be filed and served upon counsel of record via the Court's ECF system on

December 31, 2025.

/s/ *Justin A. Barker*
Justin A. Barker
Ariana Garcia-Moore
**Nelson Mullins Riley & Scarborough LLP**
123 North Wacker Drive, Suite 2100
Chicago, Illinois 60606
Tel: (312) 376-1014
justin.barker@nelsonmullins.com
ariana.garciamoore@nelsonmullins.com

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.4)**
**Eastern Division**

Skywave Networks, LLC

                    Plaintiff,

v.                                      Case No.: 1:24−cv−09650
                                        Honorable Georgia N. Alexakis

William J. Disomma, et al.

                    Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, December 2, 2025:

      MINUTE entry before the Honorable Georgia N. Alexakis: For the reasons set forth in the accompanying memorandum opinion and order, the Court does not have subject matter jurisdiction over Skywave's amended complaint and therefore grants defendants' motion to dismiss [101]. The dismissal is without prejudice. Enter Memorandum Opinion and Order. Civil case terminated. (ca, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SKYWAVE NETWORKS, LLC,

      Plaintiff,

      v.

WILLIAM DISOMMA, et al.,

      Defendant.

No. 24 CV 9650

Judge Georgia N. Alexakis

MEMORANDUM OPINION AND ORDER

Plaintiff Skywave Networks, LLC alleges that defendants William DiSomma, Paul Gurinas, Matthew Hinerfeld, John Madigan, Jump Trading, LLC, and Virtu Financial, Inc. injured it through a years-long racketeering scheme that involved defrauding the Federal Communications Commission ("FCC") and misusing FCC licenses, all to gain an edge in their high-frequency trading network. [90]. Defendants have moved to dismiss Skywave's amended complaint. [101]. For the reasons set forth below, the Court grants their motion because it does not have subject matter jurisdiction over Skywave's claims.

## I.    Legal Principles

In resolving a motion to dismiss brought under Rule 12(b)(1), Skywave bears the burden of proving that jurisdiction is proper and must allege facts sufficient to plausibly suggest that subject matter jurisdiction exists. *Silha v. ACT, Inc.*, 807 F.3d 169, 173–74 (7th Cir. 2015). In the context of a facial challenge to subject matter jurisdiction, the Court construes all factual allegations as true and draws all

reasonable inferences in Skywave's favor, but it need not accept legal conclusions or conclusory allegations. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680–82 (2009)); *Silha*, 807 F.3d at 173–74. In the context of a factual attack on subject matter jurisdiction, the Court may consider and weigh evidence outside of the pleadings to determine whether it has the power to adjudicate this action. *Bazile v. Fin. Sys. of Green Bay, Inc.,* 983 F.3d 274, 279 (7th Cir. 2020).

The FCC has exclusive jurisdiction to grant, condition, and suspend broadcast licenses—including experimental licenses. 47 U.S.C. §§ 303(a), 303(g), 303(l), 303(m)(1)(A); 15 C.F.R. § 5.111(a); *see also In re NextWave Personal Commc'ns, Inc.,* 200 F.3d 43, 54 (2d Cir. 1999) ("The FCC's exclusive jurisdiction extends not only to the granting of licenses, but to the conditions that may be placed on their use."). Experimental licenses "allow[] greater flexibility for parties … to develop new technologies and services while protecting incumbent services against harmful interference." Press Release, FCC, Office of Engineering and Technology Announces Acceptance Of Applications for Program Experimental Licenses (Apr. 14, 2017), https://docs.fcc.gov/public/attachments/DA-17-362A1.pdf. The FCC limits their use to "experimentation," "product development," and "market trials," "with a view to the development of science or technique." 47 C.F.R. §§ 5.1(b), 5.5.

The United States Court of Appeals for the District of Columbia Circuit reviews appeals of the FCC's final licensing decisions. 47 U.S.C. §§ 402(b)(1)–(6) ("Appeals may be taken from decisions and orders of the Commission to the United

States Court of Appeals for the District of Columbia … [b]y any other person who is aggrieved or whose interests are adversely affected by any order of the [FCC] granting or denying any [licensing] application described in … this subsection."); *Maier v. FCC,* 735 F.2d 220, 224 (7th Cir. 1984); *see also Folden v. United States*, 379 F.3d 1344, 1346, 1359 (Fed. Cir. 2004); *N. Am. Cath. Edu. Programing Found., Inc. v. FCC,* 437 F.3d 1206, 1209 (D.C. Cir. 2006). Significantly, § 402(b)(6) allows a licensee's competitors to challenge the FCC's decision to grant the license, as competitors generally qualify as an "aggrieved" party with standing under the statute. *See FCC v. Sanders Bros. Radio Station,* 309 U.S. 470, 477 (1940); *Spectrum Five LLC v. FCC,* 758 F.3d 254, 259 n.7 (D.C. Cir. 2014).

"When Congress places review of an administrative decision in the court of appeals, district judges may not enjoin or penalize action that the agency has approved or that is the natural outcome of the agency's decision." *Ordower v. Off. of Thrift Supervision*, 999 F.2d 1183, 1188 (7th Cir. 1993).

## II. Factual Background

The facts that follow come from Skywave's operative complaint.

In high-frequency trading, "where financial instruments, like stocks and futures, are traded at high frequency to take advantage of small but frequent changes in financial markets," every millisecond matters. [90] ¶ 28. High-frequency traders with the fastest networks dominate the best trades. *Id.* ¶ 27. Skywave sought to provide high-frequency traders with the fastest possible trades by building a network of shortwave radios that could execute trades across oceans. *Id.* ¶¶ 27, 31–35.

Skywave secured partners and an investor and developed plans to achieve the necessary commercial trading licenses from the FCC. *Id.* ¶¶ 38, 40–42.

But Skywave's hopes of building this innovative shortwave trading network were derailed when its investor learned that, in 2016, an entity known as 10Band had filed applications with the FCC for an experimental license to operate shortwave transmitters. *Id.* ¶¶ 136–39; *see also id.* ¶ 66 (FCC granted 10Band an experimental license that same year). 10Band is a subsidiary of New Line Networks LLC, and New Line Networks LLC is a joint venture between defendants Virtu and Jump Trading. *Id.* ¶ 86. Skywave's investor feared that 10Band's experimental license, though ostensibly not intended for commercial trading, would be misused for that purpose, thus giving a potential competitor to Skywave's network an unfairly acquired speed advantage. *Id.* ¶ 137. "Spooked" by this possibility, Skywave's investor—and later its partners, too—bowed out. *Id.* ¶¶ 137, 139; [108] at 4. Though Skywave persisted, its failure to bring aboard new partners eventually brought its business plans to a halt. [88] ¶ 140; [108] at 4.

The FCC has granted, modified, and extended 10Band's experimental licenses several times since 2016. [90] ¶¶ 64, 66–85. But according to Skywave, those licenses were all fraudulently obtained. More specifically, Skywave alleges that defendants lied to the FCC to obtain and maintain 10Band's experimental licenses; misused the experimental licenses for commercial trading, which then afforded defendants an unfairly acquired speed advantage when operating their high-frequency trading network; as a result, "spooked" Skywave's actual and potential partners and investors

4

from supporting Skywave's efforts to operate its high-speed shortwave trading network; and thus forced Skywave to cede its plans for commercial success. *See generally* [90]. Skywave presents these allegations as a violation of the Racketeer Influenced Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq. Id.* ¶¶ 173–96.

This lawsuit is not the first time Skywave has raised concerns over 10Band's experimental licenses. In September 2023, more than a year before filing the instant lawsuit, Skywave petitioned the FCC to reconsider its August 2023 renewal of 10Band's experimental license. [102-1]; [102-3]. 10Band opposed the petition, arguing that its activity under the license is consistent with FCC rules. [102-2]. As the Court understands the current state of affairs, Skywave's petition before the FCC remains pending. [102] at 6.[1]

## III. Analysis

To determine whether Skywave has challenged an FCC action improperly, and thus whether it can exercise subject matter jurisdiction over its complaint, the Court "must look to the true nature" of Skywave's claim—that is to say, its "root." *Folden*, 379 F.3d at 1359 n.13. Where a plaintiff "attempt[s] to obtain the same results and to place the same constraints on [the defendants] [that were] rejected by the agency in the exercise of its institutional expertise," and where the plaintiff's "claims are

---

[1] Skywave lodged its petition with the FCC's Office of Engineering Technology. [102-1] at 1. Any appeal of the Office of Engineering Technology's eventual order would go first to the full Commission, *see NTCH, Inc. v. FCC*, 877 F.3d 408, 412 (D.C. Cir. 2017) (requiring dismissal of petition as premature where the petition was filed after a decision by the FCC's Enforcement Bureau but before seeking review by the full Commission), and only afterwards through the judicial channels laid out in § 402, *see* 47 U.S.C. §§ 155(c)(4)–(7).

inescapably intertwined with a review of the [agency's] final decision," the plaintiff has improperly launched a collateral attack over which the district court lacks jurisdiction. *Otwell v. Ala. Power Co.,* 747 F.3d 1275, 1282 (11th Cir. 2014).

Skywave's amended complaint rests upon the premise that defendants lied to the FCC to obtain and renew 10Band's experimental licenses and that they then misused those licenses beyond their permissible, experimental purpose. *See, e.g.,* [90] ¶¶ 2, 51, 103, 116, 130, 133, 185. In Skywave's view, were it not for this fraud and misuse, Skywave's partners and investor never would have withdrawn their support, and Skywave's trading network would have gone forward. *Id.* ¶¶ 152–56. To remedy this injury, Skywave asks the Court to enjoin defendants from any further "misuse" of the licenses, allowing that any judicial order would permit 10Band to continue to use its experimental licenses for "actual experimental purposes." [108] at 8–10; *see also* [90] at 59.

But as defendants correctly contend, this proposed remedy constitutes an impermissible challenge to the FCC's licensing decisions. [102] at 8–9. At bottom, Skywave's amended complaint asks the Court to determine whether 10Band's licenses are for permissible experimental purposes and whether they were used within that scope. These are the same questions that the FCC answered when it granted, modified, and renewed 10Band's licenses under its statutory authority. *See* 47 U.S.C. § 303. The Court may not "call[] into question the validity of an FCC order." *Sandwich Isles Commc'ns, Inc. v. Nat'l Exch. Carrier Ass'n,* 799 F. Supp. 2d 44, 51 (D.D.C. 2011).

6

Sought-after remedy aside, Skywave's RICO case is predicated upon its claims that defendants repeatedly lied to the FCC (1) to obtain experimental licenses for which 10Band was never, in fact, qualified to obtain, and (2) by misusing 10Band's experimental licenses for commercial purposes. *See* [90] ¶¶ 179–85, 193–94. Even Skywave admits that it is asking the Court to "assess whether Defendants lied to the FCC." [108] at 8. But it is impossible for the Court to find merit in Skywave's allegations that defendants lied to the FCC to obtain 10Band's experimental licenses, and then used those licenses beyond their permissible scope, without disturbing FCC determinations—be they implicit or explicit—that neither premise is true.

Here's another way to consider the issue: If the allegations of fraud and misuse were to fall out of Skywave's amended complaint—*i.e.*, if the Court were to presume the granting, renewal, and use of the licenses lawful—then Skywave's complaint would only be that defendants properly held a business advantage over Skywave, and that Skywave found itself unable to compete on a level playing field. Without questioning the licenses' validity as a byproduct of fraud, and therefore challenging the FCC's actions, Skywave has no legal claim. Like the plaintiff in *Self v. Bellsouth Mobility*, 700 F.3d 453, 462 (11th Cir. 2012), Skywave has pled itself into a corner: If the FCC's decisions were correct, and if 10Band was properly awarded its experimental licenses (and had them renewed), then Skywave loses. But if the FCC's decisions were incorrect because 10Band lied or misused the licenses, then Skywave's claims "depend on [it] establishing that at least parts of the FCC's [orders] are wrong

as a matter of law or are otherwise invalid." *Id.* In other words, Skywave improperly seeks collateral review of the FCC's decisions in the district court.

Skywave pushes back against this characterization of its claims. It argues that the Court can resolve its RICO claims without acting contrary to any FCC decision and without considering "the propriety of any decision related to the Experimental Licenses." [108] at 8. It insists that resolution of its RICO claims "requires consideration of only Defendants' own misconduct." *Id.* The Court, however, is not bound by plaintiff's characterization of its own claims. *See Folden*, 379 F.3d at 1359 n.13. And a plaintiff may not evade jurisdictional requirements "by requesting the District Court to enjoin action that is the outcome of the [FCC's] order." *FCC v. ITT World Commc'ns,* 466 U.S. 463, 468 (1984). Instead, "the question to be determined in ruling on the motion to dismiss is whether this case raises the same issues that are pending before the FCC and whether it calls into question the validity of an FCC order." *Sandwich Isles Commc'ns,* 799 F. Supp. 2d at 51. For the reasons already set forth, this case does.

Nor does Skywave's attempt to "dress up [its] core challenge to a licensing decision" as a RICO claim help it "avoid the strict jurisdictional limits imposed by Congress." *Am. Bird Conservancy v. FCC*, 545 F.3d 1190, 1194 (9th Cir. 2008); *St. John's United Church of Christ v. City of Chicago,* 401 F. Supp. 2d 887, 902 (N.D. Ill. 2005), *aff'd,* 502 F.3d 616 (7th Cir. 2007). As *St. John's* explained, if a plaintiff's complaint in the district court alleges that it was injured by an agency order, and if an appellate court has exclusive authority to review that agency order, then the

plaintiff's complaint is "inescapably intertwined" with the appellate court's review. *Id.* It does not matter whether the claim was framed as a constitutional challenge or some other federal question: It must go to the appellate court. *Id.* Or as *St. John's* put it: litigants may not seek, "through careful pleading, to avoid the strict jurisdictional limits imposed by Congress." *Id.* Here, Skywave alleges that its business prospects were injured by the FCC's licensing decisions. It does not matter that Skywave has repackaged its claims in a RICO action: Its complaint is "inescapably intertwined" with its challenges to the FCC's licensing decisions, meaning the exclusive judicial forum for its grievance is the D.C. Circuit. 47 U.S.C. § 402(b).[2]

The Ninth Circuit's decision in *American Bird Conservancy* is similarly persuasive. 545 F.3d at 1190. There, the plaintiff ostensibly sued the FCC for violating the Endangered Species Act. *Id.* at 1191. But in its complaint, it objected to seven specific tower registrations. *Id.* at 1193. It criticized the FCC's decision to "continue to authorize operation of [the towers] in an unlawful manner." *Id.* The Ninth Circuit held that the plaintiff had merely "dress[ed] up [its] core challenge to a licensing decision" as a statutory claim. *Id.* at 1193–94. The two issues—the tower registrations and the FCC's compliance with federal environmental law—were so "inextricably intertwined" that the latter could not be decided without disturbing the former. *Id.* at 1193. Consistent with the Court's analysis above, the Ninth Circuit

---

[2] Skywave argues that, even if its amended complaint did challenge an FCC decision, the D.C. Circuit does not have exclusive jurisdiction over this case. *See* [108] at 12–13, 15–16. As defendants point out, this argument is premature, where Skywave does not claim to have exhausted its administrative remedies. [115] at 6.

9

held that under "Congress's carefully constructed system of review," the district court lacked subject matter jurisdiction over plaintiff's suit. *Id.* at 1193–95.

Significantly, Skywave already has placed the core issue in its complaint—defendants' purported deceit—before the FCC in its 2023 petition for reconsideration. [102-1]; [102-3]. There, Skywave challenged the FCC's renewal of 10Band's most recent experimental license and complained that the license renewal "should not have been granted" because 10Band "has completed its experiments and now uses the experimental authorization for regular day-to-day trading." [102-1] at 1.[3] Skywave now describes this petition as only "mention[ing] that 10Band seems to improperly use the license for 'day-to-day trading.'" [108] at 15. This is disingenuous. As the language of the petition repeatedly makes clear, *see* note 3, Skywave has asked the FCC to conclude that 10Band has intentionally misused the experimental licenses. It even provided an expert report substantiating this allegation. [102-3] at 9–14. By

---

[3] *See id.* at 3 ("[T]he application for renewal should not have been granted," as it "exceeded the bounds of the Commission's rule" on experimental radio licenses); *id.* (10Band claims that it seeks renewal of its experimental license "so that it may continue an almost seven-year experiment to further understand market potential and refine its customer facing data feed," but this explanation contrasts with its earlier assertions, which "contemplate[d] only private internal communications"—not a "customer" market); *id.* (10Band is not operating the facilities for their intended experimental purposes, but rather "as a regular full-time means of transmitting financial information to gain an edge in the financial markets"); *id.* at 6 (10Band operated a joint venture with defendants, where it "allowed [defendants'] unlicensed operations on the experimental licensed facilities," and therefore violated FCC rules, warranting denial of its experimental license renewal); *id.* ("For ten years, 10Band has used and continues to use the facilities day in and day out to conduct financial trades. After years of highly profitable production trading and market dominance … renewal of the experiment is not justified."); [102-3] at 2–3 (pointing to "24/7 duty cycles and regular transmissions" from 10Band's experimental site, indicating "that 10Band was not experimenting," but that it wrongfully "seeks to retain the experimental station to continue its daily practice of transmitting trade information"); *id.* at 4 ("10Band clings to its experimental authorization as a means to gain an edge in the financial markets in which it trades.").

putting defendants' alleged misconduct before the FCC, Skywave recognized that this issue is in the agency's wheelhouse. *See also* 47 U.S.C. § 303(m)(1)(A) (granting the FCC the "authority to suspend the license of any operator upon proof sufficient to satisfy the [FCC] that the licensee has violated … any regulation made by the [FCC]"). Repackaging its arguments to the FCC as RICO claims does not secure federal subject matter jurisdiction. *See St. John's United Church of Christ,* 401 F. Supp. 2d at 902.

Finally, the Court does not understand defendants to "argue that Skywave somehow should have brought its RICO claims to the FCC in the first instance." *Contra* [108] at 13. On this point, Skywave tries to find support in *National Broadcasting Company v. United States*, 319 U.S. 190, 222–23 (1943), but there, the Supreme Court held that the FCC could refuse to grant a license to an applicant suspected of violating antitrust laws. As defendants point out, *National Broadcasting Company* may support an argument (one not before the Court) that the FCC may consider claims of racketeering as part of its licensing decisions. *See* [115] at 5 n.1. It does not, however, support Skywave's position that this Court has jurisdiction to resolve its RICO claims because Skywave could not have brought its claims of racketeering to the FCC's attention.

## IV. Conclusion

For the above reasons, defendants' motion to dismiss the amended complaint [101] is granted. The Court has considered granting leave to amend; however, no

11

amendment would cure the lack of subject matter jurisdiction. The dismissal is without prejudice. Fed. R. Civ. P. 41(b)). Civil case terminated.

_____
Georgia N. Alexakis
United States District Judge

Date: December 2, 2025

12

ILND 450 (Rev. 04/29/2016)   Judgment in a Civil Action

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Skywave Networks, LLC,

Plaintiff(s),

v.

William J. Disomma, Paul A. Gurinas, Matthew
Hinerfeld, Jump Trading, LLC,Virtu Financial,
Inc., and John Madigan,

Defendant(s).

Case No.  24-cv-9650
Judge Georgia N. Alexakis

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐    in favor of plaintiff(s)
and against defendant(s)
in the amount of $           ,

which ☐ includes         pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.
Plaintiff(s) shall recover costs from defendant(s).

☐    in favor of defendant(s)
and against plaintiff(s)

.

Defendant(s) shall recover costs from plaintiff(s).

☒    other: Judgment is entered in favor of defendants William J. Disomma, Paul A. Gurinas,
Matthew Hinerfeld, Jump Trading, LLC,Virtu Financial, Inc., and John Madigan and against plaintiff Skywave
Networks, LLC, because the Court lacks subject matter jurisdiction. The dismissal is without prejudice.

This action was *(check one)*:

☐ tried by a jury with Judge         presiding, and the jury has rendered a verdict.
☐ tried by Judge         without a jury and the above decision was reached.
☒ decided by Judge Georgia N. Alexakis on a motion to dismiss decided 12/2/25.

Date:   12/2/2025                    Thomas G. Bruton, Clerk of Court

                                     Carmen Acevedo, Deputy Clerk

APPEAL,McSHAIN,TERMED

# United States District Court
# Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.5) (Chicago)
# CIVIL DOCKET FOR CASE #: 1:24-cv-09650
# Internal Use Only

Skywave Networks, LLC v. DiSomma et al
Assigned to: Honorable Georgia N. Alexakis
Cause: 18:1962 Racketeering (RICO) Act

Date Filed: 10/07/2024
Date Terminated: 12/02/2025
Jury Demand: Both
Nature of Suit: 470 Racketeer/Corrupt
Organization
Jurisdiction: Federal Question

**Plaintiff**

**Skywave Networks, LLC**                represented by **Ariana Garcia-moore**
Nelson Mullins Riley & Scarborough Llp
123 North Wacker Drive
Suite 2100
Chicago, IL 60606
(312) 376-1104
Fax: Not a member
Email:
ariana.garciamoore@nelsonmullins.com
*ATTORNEY TO BE NOTICED*

**Ariba Arif Ahmad**
Foley & Lardner Llp
321 North Clark Street
Suite 3000
Chicago, IL 60654
312-832-4727
Email: aahmad@foley.com
*TERMINATED: 11/12/2024*

**Goutam Patnaik**
Desmarais LLP
1899 Pennsylvania Avenue
Suite 400
20006
Washington, DC 20006
202-451-4900
Fax: 202-451-4901
Email: gpatnaik@desmaraisllp.com
*TERMINATED: 08/29/2025*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James Daniel Dasso**

Foley & Lardner
321 North Clark Street
Suite 2800
Chicago, IL 60654
(312)832-4500
Fax: Active
Email: jdasso@foley.com
*TERMINATED: 11/12/2024*

**Jamie Dohopolski**
Desmarais LLP
1899 Pennsylvania Avenue
Suite 400
Washington, DC 20006
202-451-4935
Fax: Not a member
Email: jdohopolski@desmaraisllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeanne Marie Gills**
Foley & Lardner
321 North Clark Street
Suite 3000
Chicago, IL 60654
(312)832-4500
Fax: Active
Email: jmgills@foley.com
*TERMINATED: 11/12/2024*

**Justin A Barker**
Nelson Mullins Riley & Scarborough
123 N. Wacker Drive
Ste 2100
Chicago, IL 60606
312-376-1014
Fax: Active
Email: justin.barker@nelsonmullins.com
*ATTORNEY TO BE NOTICED*

**Justin M. Sobaje**
Foley & Lardner Llp
555 S. Flower Street
Suite 3500
Los Angeles, CA 90071
(213) 972-4500
Fax: Pro Hac Vice
Email: jsobaje@foley.com
*TERMINATED: 11/12/2024*

**Justin P.D. Wilcox**

Desmarais LLP
1899 Pennsylvania Avenue
Suite 400
20006
Washington, DC 20006
202-451-4900
Fax: 202-451-4901
Email: jwilcox@desmaraisllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Peter Simon Kotecki**
Desmarais LLP
230 Park Avenue
New York, NY 10169
(212) 808-1067
Fax: Pro Hac Vice
Email: PKotecki@desmaraisllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven Marc Balcof**
Desmarais LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400
Fax: Pro Hac Vice
Email: sbalcof@desmaraisllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas J. Derbish**
Desmarais LLP
1899 Pennsylvania Avenue
Suite 400
Washington, DC 20006
(202) 451-4937
Fax: Pro Hac Vice
Email: tderbish@desmaraisllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas Edward Romanchek**
Desmarais LLP
1899 Pennsylvania Avenue NW
Washington, DC 20006
(202) 451-4931
Fax: Pro Hac Vice
Email: TRomanchek@desmaraisllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**William J. Disomma**                    represented by    **Chris C. Gair**
Gair Gallo Eberhard LLP
1 East Wacker Drive
Suite 2600
Chicago, IL 60601
312-600-4900
Email: cgair@gairgallo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerard J Waldron**
Covington & Burling LLP
One City Center 850 Tenth Street NW
Washington, DC 20001
(202) 662-5360
Fax: Pro Hac Vice
Email: gwaldron@cov.com
*ATTORNEY TO BE NOTICED*

**Ingrid Yin**
Gair Gallo Eberhard LLP
1 E Wacker Dr
Ste 2600
Chicago, IL 60601
847-702-4424
Fax: Not a member
Email: iyin@gairgallo.com
*ATTORNEY TO BE NOTICED*

**John Hardy Ehlers**
Covington & Burling LLP
1999 A venue of the Stars
3500
Los Angeles, CA 90067
(424) 332-4778
Fax: Pro Hac Vice
Email: jehlers@cov.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neema Trivedi Sahni**
Covington & Burling LLP
1999 Avenue of the Stars
3500
Los Angeles, CA 90067
(424) 332-4757
Fax: Pro Hac Vice

Email: nsahni@cov.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Paul A. Gurinas**                    represented by   **Chris C. Gair**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerard J Waldron**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ingrid Yin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Hardy Ehlers**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neema Trivedi Sahni**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Matthew Hinerfeld**                  represented by   **Chris C. Gair**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerard J Waldron**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ingrid Yin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Hardy Ehlers**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neema Trivedi Sahni**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **William Disomma Trust**<br>*TERMINATED: 02/13/2025* | represented by | **Chris C. Gair**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Gerard J Waldron**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ingrid Yin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Hardy Ehlers**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neema Trivedi Sahni**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Paul A. Gurinas Trust**<br>*TERMINATED: 02/13/2025* | represented by | **Chris C. Gair**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Gerard J Waldron**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ingrid Yin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Hardy Ehlers**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neema Trivedi Sahni**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jump Financial, LLC**
*TERMINATED: 02/13/2025*

represented by **Chris C. Gair**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerard J Waldron**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ingrid Yin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Hardy Ehlers**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neema Trivedi Sahni**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jump Trading Holdings, LLC**
*TERMINATED: 02/13/2025*

represented by **Chris C. Gair**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerard J Waldron**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ingrid Yin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Hardy Ehlers**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neema Trivedi Sahni**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jump Trading, LLC**

represented by **Chris C. Gair**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Gerard J Waldron**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ingrid Yin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Hardy Ehlers**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neema Trivedi Sahni**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ECW Wireless, LLC**
*TERMINATED: 02/13/2025*

represented by **Chris C. Gair**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerard J Waldron**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ingrid Yin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Hardy Ehlers**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neema Trivedi Sahni**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**World Class Wireless, LLC**
*TERMINATED: 02/13/2025*

represented by **Chris C. Gair**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerard J Waldron**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Ingrid Yin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Hardy Ehlers**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neema Trivedi Sahni**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Virtu Financial, Inc.,**                    represented by    **Robert Y. Sperling**
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019
212-373-3000
Fax: Active
Email: rsperling@paulweiss.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew G Gordon**
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
Fax: Not a member
*ATTORNEY TO BE NOTICED*

**Chris C. Gair**
(See above for address)
*TERMINATED: 11/06/2024*

**Ingrid Yin**
(See above for address)

**Jessica Carey**
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019
212-373-3000

Fax: Pro Hac Vice
Email: jcarey@paulweiss.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine B Forrest**
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019
212-373-3000
Email: KForrest@paulweiss.com
*ATTORNEY TO BE NOTICED*

**Kristina Bunting**
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019
212-373-3000
Fax: Pro Hac Vice
Email: kbunting@paulweiss.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**NLN Holdings, LLC**                    represented by    **Chris C. Gair**
*TERMINATED: 02/13/2025*                                    (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Gerard J Waldron**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Ingrid Yin**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **John Hardy Ehlers**
                                                            (See above for address)
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Neema Trivedi Sahni**
                                                            (See above for address)
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **New Line Networks, LLC**<br>*TERMINATED: 02/13/2025* | represented by | **Chris C. Gair**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Gerard J Waldron**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Ingrid Yin**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **John Hardy Ehlers**<br>(See above for address)<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Neema Trivedi Sahni**<br>(See above for address)<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **10Band, LLC**<br>*TERMINATED: 02/13/2025* | represented by | **Chris C. Gair**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Gerard J Waldron**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Ingrid Yin**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **John Hardy Ehlers**<br>(See above for address)<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Neema Trivedi Sahni**<br>(See above for address)<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **John Madigan** | represented by | **Ingrid Yin**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Select all / clear | Docket Text |
|---|---|---|---|
| 10/07/2024 | 1 | | DOCUMENT REMOVED Modified on 10/8/2024 (air, ). (Entered: 10/07/2024) |
| 10/07/2024 | 2 | ☐ | CIVIL Cover Sheet (Gills, Jeanne) (Entered: 10/07/2024) |
| 10/07/2024 | 3 | ☐ | ATTORNEY Appearance for Plaintiff SKYWAVE NETWORKS, LLC by Jeanne Marie Gills (Gills, Jeanne) (Entered: 10/07/2024) |
| 10/07/2024 | 4 | | SEALED DOCUMENT by Plaintiff SKYWAVE NETWORKS, LLC *1 Complaint* (Gills, Jeanne) (Entered: 10/07/2024) |
| 10/07/2024 | 5 | ☐ | MOTION by Plaintiff SKYWAVE NETWORKS, LLC to seal document sealed document 4 *Motion for Leave to File Unredacted Complaint Under Seal*<br><br>(Gills, Jeanne) (Entered: 10/07/2024) |
| 10/07/2024 | 6 | ☐ | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by SKYWAVE NETWORKS, LLC (Gills, Jeanne) (Entered: 10/07/2024) |
| 10/07/2024 | 7 | ☐ | COMPLAINT *(Corrected Redacted)* filed by SKYWAVE NETWORKS, LLC; Jury Demand. Filing fee $ 405, receipt number AILNDC-22572414. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6-A, # 7 Exhibit 6-B, # 8 Exhibit 7-A, # 9 Exhibit 7-B, # 10 Exhibit 8-A, # 11 Exhibit 8-B, # 12 Exhibit 9-A, # 13 Exhibit 9-B, # 14 Exhibit 10-A, # 15 Exhibit 10-B, # 16 Exhibit 11-A, # 17 Exhibit 11-B, # 18 Exhibit 12-A, # 19 Exhibit 12-B, # 20 Exhibit 13-A, # 21 Exhibit 13-B, # 22 Exhibit 14-A, # 23 Exhibit 14-B, # 24 Exhibit 15-A, # 25 Exhibit 15-B, # 26 Exhibit 16-A, # 27 Exhibit 16-B, # 28 Exhibit 17-A, # 29 Exhibit 17-B, # 30 Exhibit 18-A, # 31 Exhibit 18-B, # 32 Exhibit 19-A, # 33 Exhibit 19-B, # 34 Exhibit 20-A, # 35 Exhibit 20-B, # 36 Exhibit 21-A, # 37 Exhibit 21-B, # 38 Exhibit 22-A, # 39 Exhibit 22-B, # 40 Exhibit 23-A, # 41 Exhibit 23-B, # 42 Exhibit 24-A, # 43 Exhibit 24-B, # 44 Exhibit 25-A, # 45 Exhibit 25-B, # 46 Exhibit 26-A, # 47 Exhibit 26-B, # 48 Exhibit 27-A, # 49 Exhibit 27-B, # 50 Exhibit 28-A, # 51 Exhibit 28-B, # 52 Exhibit 29-A, # 53 Exhibit 29-B, # 54 Exhibit 30-A, # 55 Exhibit 30-B, # 56 Exhibit 31-A, # 57 Exhibit 31-B, # 58 Exhibit 32-A, # 59 Exhibit 32-B, # 60 Exhibit 33-A, # 61 Exhibit 33-B, # 62 Exhibit 34-A, # 63 Exhibit 34-B, # 64 Exhibit 35-A, # 65 Exhibit 35-B, # 66 Exhibit 36-A, # 67 Exhibit 36-B, # 68 Exhibit 37-A, # 69 Exhibit 37-B, # 70 Exhibit 38-A, # 71 Exhibit 38-B, # 72 Exhibit 39-A, # 73 Exhibit 39-B, # 74 Exhibit 40-A, # 75 Exhibit 40-B, # 76 Exhibit 41-A, # 77 Exhibit 41-B, # 78 Exhibit 42-A, # 79 Exhibit 42-B, # 80 Exhibit 42-C, # 81 Exhibit 42-D, # 82 Exhibit 42-E, # 83 Exhibit 42-F, # 84 Exhibit 42-G, # 85 Exhibit 42-H, # 86 Exhibit 42-I, # 87 Exhibit 42-J, # 88 Exhibit 42-K, # 89 Exhibit 43-A, # 90 Exhibit 43-B, # 91 Exhibit 43-C, # 92 Exhibit 43-D, # 93 Exhibit 44-A, # 94 Exhibit 44-B, # 95 Exhibit 44- |

| | | | |
|---|---|---|---|
| | | | C, # [96](#) Exhibit 44-D, # [97](#) Exhibit 45-A, # [98](#) Exhibit 45-B, # [99](#) Exhibit 45-C, # [100](#) Exhibit 45-D, # [101](#) Exhibit 46-A, # [102](#) Exhibit 46-B, # [103](#) Exhibit 46-C, # [104](#) Exhibit 46-D, # [105](#) Exhibit 46-E, # [106](#) Exhibit 46-F, # [107](#) Exhibit 47, # [108](#) Exhibit 48, # [109](#) Exhibit 49)(Gills, Jeanne) Modified on 10/8/2024 (air, ). (Entered: 10/07/2024) |
| 10/08/2024 | | | CASE ASSIGNED to the Honorable John J. Tharp, Jr. Designated as Magistrate Judge the Honorable Heather K. McShain. Case assignment: Random assignment. (Civil Category 2). (smb, ) (Entered: 10/08/2024) |
| 10/08/2024 | | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached [Consent To](#) form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (smb, ) (Entered: 10/08/2024) |
| 10/09/2024 | [8](#) | ☐ | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-22579000.<br><br>(Wilcox, Justin) (Entered: 10/09/2024) |
| 10/09/2024 | [9](#) | ☐ | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-22579070.<br><br>(Patnaik, Goutam) (Entered: 10/09/2024) |
| 10/09/2024 | [10](#) | ☐ | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-22579130.<br><br>(Balcof, Steven) (Entered: 10/09/2024) |
| 10/09/2024 | [11](#) | ☐ | ATTORNEY Appearance for Plaintiff SKYWAVE NETWORKS, LLC by James Daniel Dasso (Dasso, James) (Entered: 10/09/2024) |
| 10/09/2024 | [12](#) | ☐ | MINUTE entry before the Honorable John J. Tharp, Jr:Attorneys Justin Wilcox, Goutam Patnaik, and Steven Balcof's motions for leave to appear pro hac vice [8](#) , [9](#) , [10](#) are granted. Counsel are directed to file appearances on behalf of the plaintiff. Mailed notice (air, ) (Entered: 10/09/2024) |
| 10/11/2024 | [13](#) | ☐ | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-22592639.<br><br>(Jamie, Dohopolski) (Entered: 10/11/2024) |
| 10/15/2024 | [14](#) | ☐ | MINUTE entry before the Honorable John J. Tharp, Jr:Attorney Jamie Dohopolski's motion for leave to appear pro hac vice [13](#) is |

| | | | |
|---|---|---|---|
| | | ☐ | granted. Counsel is directed to file an appearance on behalf of the plaintiff. Mailed notice (air, ) (Entered: 10/15/2024) |
| 10/16/2024 | 15 | ☐ | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-22610124.<br><br>(Sobaje, Justin) (Entered: 10/16/2024) |
| 10/17/2024 | 16 | ☐ | MINUTE entry before the Honorable John J. Tharp, Jr:Attorney Justin Sobaje's motion for leave to appear pro hac vice 15 is granted. Counsel is directed to file an appearance on behalf of the plaintiff. Mailed notice (air, ) (Entered: 10/17/2024) |
| 10/18/2024 | 17 | ☐ | ATTORNEY Appearance for Plaintiff Skywave Networks, LLC by Justin M. Sobaje (Sobaje, Justin) (Entered: 10/18/2024) |
| 10/18/2024 | 18 | ☐ | ATTORNEY Appearance for Plaintiff Skywave Networks, LLC by Ariba Arif Ahmad (Ahmad, Ariba) (Entered: 10/18/2024) |
| 10/18/2024 | 19 | ☐ | ATTORNEY Appearance for Plaintiff Skywave Networks, LLC by Justin P.D. Wilcox (Wilcox, Justin) (Entered: 10/18/2024) |
| 10/18/2024 | 20 | ☐ | ATTORNEY Appearance for Plaintiff Skywave Networks, LLC by Goutam Patnaik (Patnaik, Goutam) (Entered: 10/18/2024) |
| 10/18/2024 | 21 | ☐ | ATTORNEY Appearance for Plaintiff Skywave Networks, LLC by Steven Marc Balcof (Balcof, Steven) (Entered: 10/18/2024) |
| 10/18/2024 | 22 | ☐ | ATTORNEY Appearance for Plaintiff Skywave Networks, LLC by Dohopolski Jamie (Jamie, Dohopolski) (Entered: 10/18/2024) |
| 10/21/2024 | 23 | ☐ | WAIVER OF SERVICE returned executed by Skywave Networks, LLC. William J. Disomma waiver sent on 10/17/2024, answer due 12/16/2024. (Patnaik, Goutam) (Entered: 10/21/2024) |
| 10/21/2024 | 24 | ☐ | WAIVER OF SERVICE returned executed by Skywave Networks, LLC. William Disomma Trust waiver sent on 10/17/2024, answer due 12/16/2024. (Patnaik, Goutam) (Entered: 10/21/2024) |
| 10/21/2024 | 25 | ☐ | WAIVER OF SERVICE returned executed by Skywave Networks, LLC. Paul A. Gurinas waiver sent on 10/17/2024, answer due 12/16/2024. (Patnaik, Goutam) (Entered: 10/21/2024) |
| 10/21/2024 | 26 | ☐ | WAIVER OF SERVICE returned executed by Skywave Networks, LLC. Paul A. Gurinas Trust waiver sent on 10/17/2024, answer due 12/16/2024. (Patnaik, Goutam) (Entered: 10/21/2024) |
| 10/21/2024 | 27 | ☐ | WAIVER OF SERVICE returned executed by Skywave Networks, LLC. Matthew Hinerfeld waiver sent on 10/17/2024, answer due 12/16/2024. (Patnaik, Goutam) (Entered: 10/21/2024) |
| 10/21/2024 | 28 | ☐ | WAIVER OF SERVICE returned executed by Skywave Networks, LLC. Jump Financial, LLC waiver sent on 10/17/2024, answer due 12/16/2024. (Patnaik, Goutam) (Entered: 10/21/2024) |

| | | | |
|---|---|---|---|
| 10/21/2024 | 29 | ☐ | WAIVER OF SERVICE returned executed by Skywave Networks, LLC. Jump Trading Holdings, LLC waiver sent on 10/17/2024, answer due 12/16/2024. (Patnaik, Goutam) (Entered: 10/21/2024) |
| 10/21/2024 | 30 | ☐ | WAIVER OF SERVICE returned executed by Skywave Networks, LLC. Jump Trading, LLC waiver sent on 10/17/2024, answer due 12/16/2024. (Patnaik, Goutam) (Entered: 10/21/2024) |
| 10/21/2024 | 31 | ☐ | WAIVER OF SERVICE returned executed by Skywave Networks, LLC. ECW Wireless, LLC waiver sent on 10/17/2024, answer due 12/16/2024. (Patnaik, Goutam) (Entered: 10/21/2024) |
| 10/21/2024 | 32 | ☐ | WAIVER OF SERVICE returned executed by Skywave Networks, LLC. World Class Wireless, LLC waiver sent on 10/17/2024, answer due 12/16/2024. (Patnaik, Goutam) (Entered: 10/21/2024) |
| 10/21/2024 | 33 | ☐ | WAIVER OF SERVICE returned executed by Skywave Networks, LLC. Virtu Financial, Inc. waiver sent on 10/17/2024, answer due 12/16/2024. (Patnaik, Goutam) (Entered: 10/21/2024) |
| 10/21/2024 | 34 | ☐ | WAIVER OF SERVICE returned executed by Skywave Networks, LLC. NLN Holdings, LLC waiver sent on 10/17/2024, answer due 12/16/2024. (Patnaik, Goutam) (Entered: 10/21/2024) |
| 10/21/2024 | 35 | ☐ | WAIVER OF SERVICE returned executed by Skywave Networks, LLC. New Line Networks, LLC waiver sent on 10/17/2024, answer due 12/16/2024. (Patnaik, Goutam) (Entered: 10/21/2024) |
| 10/21/2024 | 36 | ☐ | WAIVER OF SERVICE returned executed by Skywave Networks, LLC. 10Band, LLC waiver sent on 10/17/2024, answer due 12/16/2024. (Patnaik, Goutam) (Entered: 10/21/2024) |
| 10/22/2024 | 37 | ☐ | REQUEST for Clerk of Court to refund filing fee in the amount of $405.00, receipt no. AILNDC-22571607, regarding complaint 1 *Skywave Networks, LLC v. DiSomma et al* (Attachments: # 1 Exhibit A - Receipt to Refund, # 2 Exhibit B - Receipt NOT to Refund)(Gills, Jeanne) (Entered: 10/22/2024) |
| 10/22/2024 | 38 | ☐ | ATTORNEY Appearance for Defendants ECW Wireless, LLC, World Class Wireless, LLC,Virtu Financial, Inc., NLN Holdings, LLC, New Line Networks, LLC, 10Band, LLC, William J. Disomma, Paul A. Gurinas, Matthew Hinerfeld, William Disomma Trust, Paul A. Gurinas Trust, Jump Financial, LLC, Jump Trading Holdings, LLC, Jump Trading, LLC by Chris C. Gair (Gair, Chris) (Entered: 10/22/2024) |
| 10/24/2024 | 39 | ☐ | ATTORNEY Appearance for Defendants ECW Wireless, LLC, World Class Wireless, LLC, Virtu Financial, Inc., NLN Holdings, LLC, New Line Networks, LLC, 10Band, LLC, William J. Disomma, Paul A. Gurinas, Matthew Hinerfeld, William Disomma Trust, Paul A. Gurinas Trust, Jump Financial, LLC, Jump Trading Holdings, LLC, Jump Trading, LLC by Ingrid Yin (Yin, Ingrid) (Entered: 10/24/2024) |
| 10/25/2024 | 40 | ☐ | MOTION by Defendants ECW Wireless, LLC, World Class Wireless, LLC, Virtu Financial, Inc., NLN Holdings, LLC, New Line |

| | | | |
|---|---|---|---|
| | | | Networks, LLC, 10Band, LLC, William J. Disomma, Paul A. Gurinas, Matthew Hinerfeld, William Disomma Trust, Paul A. Gurinas Trust, Jump Financial, LLC, Jump Trading Holdings, LLC, Jump Trading, LLC Leave to add counsel<br><br>(Yin, Ingrid) (Entered: 10/25/2024) |
| 10/25/2024 | 41 | | REFUND PROCESSED re REQUEST for Clerk of Court to refund filing fee in the amount of $405.00, receipt no. AILNDC-22571607. (lw, ) (Entered: 10/28/2024) |
| 10/29/2024 | 42 | ☐ | MINUTE entry before the Honorable John J. Tharp, Jr: Defendants' motion to add counsel pursuant to Local Rule 83.17 40 is granted. Attorneys from Covington and Burling are permitted to file appearances or motions to appear pro hac vice pursuant to Local Rule 83.14 as appropriate. Mailed notice. (jlj, ) (Entered: 10/29/2024) |
| 11/05/2024 | 43 | ☐ | MOTION by Defendant Virtu Financial, Inc., to substitute attorney *Chris Gair and Ingrid Yin for Robert Y. Sperling*<br><br>(Sperling, Robert) (Entered: 11/05/2024) |
| 11/06/2024 | 44 | ☐ | MINUTE entry before the Honorable John J. Tharp, Jr:The motion to substitute 43 is granted. Attorneys Chris Gair and Ingrid Yin's appearances on the record on behalf of Defendant Virtu Financial, Inc. are terminated. Attorney Robert Y. Sperling is directed to file an appearance on the record on behalf of Virtu Financial, Inc. Mailed notice (air, ) (Entered: 11/06/2024) |
| 11/06/2024 | 45 | ☐ | ATTORNEY Appearance for Defendant Virtu Financial, Inc., by Robert Y. Sperling (Sperling, Robert) (Entered: 11/06/2024) |
| 11/08/2024 | 46 | ☐ | MOTION by Plaintiff Skywave Networks, LLC to substitute attorney<br><br>(Gills, Jeanne) (Entered: 11/08/2024) |
| 11/08/2024 | 47 | ☐ | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-22708693.<br><br>(Gordon, Andrew) (Entered: 11/08/2024) |
| 11/08/2024 | 48 | ☐ | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-22708731.<br><br>(Carey, Jessica) (Entered: 11/08/2024) |
| 11/08/2024 | 49 | ☐ | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-22708774.<br><br>(Bunting, Kristina) (Entered: 11/08/2024) |
| 11/12/2024 | 50 | ☐ | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-22714257.<br><br>(Forrest, Katherine) (Entered: 11/12/2024) |

| 11/12/2024 | 51 | ☐ | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-22714735.<br><br>(Sahni, Neema) (Entered: 11/12/2024) |
|---|---|---|---|
| 11/12/2024 | 52 | ☐ | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-22714907.<br><br>(Ehlers, John) (Entered: 11/12/2024) |
| 11/12/2024 | 53 | ☐ | MINUTE entry before the Honorable John J. Tharp, Jr:Plaintiff's motion to substitute counsel 46 is granted. Attorneys of Foley & Larder LLP's appearances are terminated. Justin Barker is directed to file an appearance on behalf of Plaintiff. Mailed notice (air, ) (Entered: 11/12/2024) |
| 11/12/2024 | 54 | ☐ | MINUTE entry before the Honorable John J. Tharp, Jr:Attorneys Andrew Gordon's, Jessica Carey's, and Kristina Bunting's motions for leave to appear pro hac vice 47 , 48 , 49 are granted. Counsel are directed to file appearances on behalf of Defendant Virtu Financial, Inc Mailed notice (air, ) (Entered: 11/12/2024) |
| 11/12/2024 | 55 | ☐ | ATTORNEY Appearance for Plaintiff Skywave Networks, LLC by Justin A Barker (Barker, Justin) (Entered: 11/12/2024) |
| 11/13/2024 | 56 | ☐ | MINUTE entry before the Honorable John J. Tharp, Jr:Attorney Katherine Forrest's motion for leave to appear pro hac vice 50 is granted. Counsel is directed to file an appearance on behalf of Defendant Virtu Financial, Inc. Mailed notice (air, ) (Entered: 11/13/2024) |
| 11/13/2024 | 57 | ☐ | MINUTE entry before the Honorable John J. Tharp, Jr:Attorneys Neema Sahni's and J. Hardy Ehlers's motions for leave to appear pro hac vice 51 , 52 are granted. Counsel are directed to file appearances on behalf of the defendants. Mailed notice (air, ) (Entered: 11/13/2024) |
| 11/13/2024 | 58 | ☐ | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-22724417.<br><br>(Waldron, Gerard) (Entered: 11/13/2024) |
| 11/14/2024 | 59 | ☐ | MINUTE entry before the Honorable John J. Tharp, Jr:Attorney Gerard Waldron's motion for leave to appear pro hac vice 58 is granted. Counsel is directed to file an appearance on behalf of the defendants. Mailed notice (air, ) (Entered: 11/14/2024) |
| 11/15/2024 | 60 | ☐ | ATTORNEY Appearance for Defendant Virtu Financial, Inc., by Andrew G Gordon (Gordon, Andrew) (Entered: 11/15/2024) |
| 11/15/2024 | 61 | ☐ | ATTORNEY Appearance for Defendant Virtu Financial, Inc., by Katherine B Forrest (Forrest, Katherine) (Entered: 11/15/2024) |
| 11/15/2024 | 62 | ☐ | ATTORNEY Appearance for Defendant Virtu Financial, Inc., by Jessica Carey (Carey, Jessica) (Entered: 11/15/2024) |

| 11/15/2024 | 63 | ☐ | ATTORNEY Appearance for Defendant Virtu Financial, Inc., by Kristina Bunting (Bunting, Kristina) (Entered: 11/15/2024) |
|---|---|---|---|
| 11/15/2024 | 64 | ☐ | ATTORNEY Appearance for Defendants ECW Wireless, LLC, World Class Wireless, LLC, NLN Holdings, LLC, New Line Networks, LLC, 10Band, LLC, William J. Disomma, Paul A. Gurinas, Matthew Hinerfeld, William Disomma Trust, Paul A. Gurinas Trust, Jump Financial, LLC, Jump Trading Holdings, LLC, Jump Trading, LLC by Neema Trivedi Sahni (Sahni, Neema) (Entered: 11/15/2024) |
| 11/15/2024 | 65 | ☐ | ATTORNEY Appearance for Defendants ECW Wireless, LLC, World Class Wireless, LLC, NLN Holdings, LLC, New Line Networks, LLC, 10Band, LLC, William J. Disomma, Paul A. Gurinas, Matthew Hinerfeld, William Disomma Trust, Paul A. Gurinas Trust, Jump Financial, LLC, Jump Trading Holdings, LLC, Jump Trading, LLC by John Hardy Ehlers (Ehlers, John) (Entered: 11/15/2024) |
| 11/15/2024 | 66 | ☐ | ATTORNEY Appearance for Defendants ECW Wireless, LLC, World Class Wireless, LLC, NLN Holdings, LLC, New Line Networks, LLC, 10Band, LLC, William J. Disomma, Paul A. Gurinas, Matthew Hinerfeld, William Disomma Trust, Paul A. Gurinas Trust, Jump Financial, LLC, Jump Trading Holdings, LLC, Jump Trading, LLC by Gerard J Waldron (Waldron, Gerard) (Entered: 11/15/2024) |
| 11/15/2024 | 67 | ☐ | ATTORNEY Appearance for Defendants ECW Wireless, LLC, World Class Wireless, LLC, NLN Holdings, LLC, New Line Networks, LLC, 10Band, LLC, William J. Disomma, Paul A. Gurinas, Matthew Hinerfeld, William Disomma Trust, Paul A. Gurinas Trust, Jump Financial, LLC, Jump Trading Holdings, LLC, Jump Trading, LLC by Gerard J Waldron (Waldron, Gerard) (Entered: 11/15/2024) |
| 12/13/2024 | 68 | ☐ | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Virtu Financial, Inc., (Gordon, Andrew) (Entered: 12/13/2024) |
| 12/16/2024 | 69 | ☐ | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by ECW Wireless, LLC, World Class Wireless, LLC, NLN Holdings, LLC, New Line Networks, LLC, 10Band, LLC, William Disomma Trust, Paul A. Gurinas Trust, Jump Financial, LLC, Jump Trading Holdings, LLC, Jump Trading, LLC (Yin, Ingrid) (Entered: 12/16/2024) |
| 12/16/2024 | 70 | ☐ | MOTION by Defendants ECW Wireless, LLC, World Class Wireless, LLC, Virtu Financial, Inc.,, NLN Holdings, LLC, New Line Networks, LLC, 10Band, LLC, William J. Disomma, Paul A. Gurinas, Matthew Hinerfeld, William Disomma Trust, Paul A. Gurinas Trust, Jump Financial, LLC, Jump Trading Holdings, LLC, Jump Trading, LLC to dismiss<br><br>(Yin, Ingrid) (Entered: 12/16/2024) |
| 12/16/2024 | 71 | ☐ | MOTION by Defendants ECW Wireless, LLC, World Class Wireless, LLC, Virtu Financial, Inc.,, NLN Holdings, LLC, New Line Networks, LLC, 10Band, LLC, William J. Disomma, Paul A. Gurinas, Matthew Hinerfeld, William Disomma Trust, Paul A. Gurinas Trust, Jump Financial, LLC, Jump Trading Holdings, LLC, |

|  |  |  | Jump Trading, LLC for leave to file excess pages<br><br>(Attachments: # **1** Exhibit 1 - Proposed Mem ISO MTD, # **2** Exhibit 2 - Sahni Declaration, # **3** Exhibit 3 - Exhibits ISO MTD)(Yin, Ingrid) (Entered: 12/16/2024) |
|---|---|---|---|
| 12/18/2024 | **72** | ☐ | MINUTE entry before the Honorable John J. Tharp, Jr:The agreed motion for leave to file excess pages and enter a proposed briefing schedule **71** is granted. Defendants' joint brief in support of their motion to dismiss shall not exceed 35 pages; Plaintiff's brief in opposition shall not exceed 35 pages; Defendants' joint reply brief shall not exceed 20 pages. Defendants' motion to dismiss **70** is taken under advisement. Plaintiff's response is due 1/30/25; reply due 2/27/25. Mailed notice (air, ) (Entered: 12/18/2024) |
| 12/18/2024 | **73** | ☐ | ATTORNEY Appearance for Plaintiff Skywave Networks, LLC by Ariana Garcia-moore (Garcia-moore, Ariana) (Entered: 12/18/2024) |
| 12/23/2024 | **74** | ☐ | MOTION by Defendants ECW Wireless, LLC, World Class Wireless, LLC, Virtu Financial, Inc.,, NLN Holdings, LLC, New Line Networks, LLC, 10Band, LLC, William J. Disomma, Paul A. Gurinas, Matthew Hinerfeld, William Disomma Trust, Paul A. Gurinas Trust, Jump Financial, LLC, Jump Trading Holdings, LLC, Jump Trading, LLC to dismiss *Memorandum in Support*<br><br>(Attachments: # **1** Exhibit A, # **2** Exhibit B, # **3** Exhibit C, # **4** Exhibit D, # **5** Exhibit E, # **6** Exhibit F, # **7** Exhibit G, # **8** Exhibit H, # **9** Exhibit I, # **10** Declaration Sahni)(Yin, Ingrid) (Entered: 12/23/2024) |
| 12/27/2024 | **75** | ☐ | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Honorable Virginia M. Kendall on 12/27/2024: Mailed notice. (tg, ) (Entered: 12/31/2024) |
| 01/14/2025 | **76** | ☐ | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-22950083.<br><br>(Kotecki, Peter) (Entered: 01/14/2025) |

| 01/15/2025 | 77 | ☐ | MINUTE entry before the Honorable John J. Tharp, Jr: Attorney Peter Kotecki's motion for leave to appear pro hac vice 76 is granted. Counsel is directed to file an appearance on behalf of the plaintiff. Mailed notice (air, ) (Entered: 01/15/2025) |
|---|---|---|---|
| 01/17/2025 | 78 | ☐ | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-22967938.<br><br>(Romanchek, Thomas) (Entered: 01/17/2025) |
| 01/22/2025 | 79 | ☐ | MINUTE entry before the Honorable John J. Tharp, Jr:Attorney Thomas Romanchek's motion for leave to appear pro hac vice 78 is granted. Counsel is directed to file an appearance on behalf of the plaintiff. Mailed notice (air, ) (Entered: 01/22/2025) |
| 01/22/2025 | 80 | ☐ | ATTORNEY Appearance for Plaintiff Skywave Networks, LLC by Peter Simon Kotecki (Kotecki, Peter) (Entered: 01/22/2025) |
| 01/27/2025 | 81 | ☐ | ATTORNEY Appearance for Plaintiff Skywave Networks, LLC by Thomas Edward Romanchek (Romanchek, Thomas) (Entered: 01/27/2025) |
| 01/29/2025 | 82 | ☐ | MOTION by Plaintiff Skywave Networks, LLC to set a briefing schedule *PLAINTIFFS AGREED MOTION FOR FIRST AMENDED BRIEFING SCHEDULE ON DEFENDANTS MOTION TO DISMISS*<br><br>(Barker, Justin) (Entered: 01/29/2025) |
| 01/30/2025 | 🔒 | | (Court only) Case Reassigned to the Honorable Georgia N Alexakis. The Honorable John J. Tharp, Jr no longer assigned to the case (vkm, ) (Entered: 01/31/2025) |
| 01/30/2025 | 83 | ☐ | MINUTE entry before the Executive Committee: Case reassigned to the Honorable Georgia N Alexakis for all further proceedings pursuant to IOP 13(f)(1) Mailed notice (Attachments: # 1 Request for Reassignment) (vkm, ) (Entered: 01/31/2025) |
| 01/31/2025 | 84 | ☐ | MINUTE entry before the Honorable Georgia N Alexakis: The Court grants the parties' agreed motion for an amended briefing schedule on defendants' motion to dismiss 82 . Plaintiffs' opposition brief or amended complaint is due on or before 2/13/25. If plaintiffs file an opposition brief, defendants' reply in support of their motion to dismiss is due on or before 3/27/25. The Court also grants plaintiff's motion for leave to file its unredacted complaint under seal 5 and attorney Peter Kotecki's motion for leave to appear pro hac vice 76 . In light of the recent reassignment of this matter, the parties are also directed to submit on or before 2/7/25 a joint initial status report for reassigned cases using the template available on the Court's website. Mailed notice. (ym) (Entered: 01/31/2025) |
| 02/07/2025 | 85 | ☐ | STATUS Report *JOINT INITIAL STATUS REPORT FOR REASSIGNED CASE* by Skywave Networks, LLC<br><br>(Barker, Justin) (Entered: 02/07/2025) |

| 02/10/2025 | 86 | ☐ | MINUTE entry before the Honorable Georgia N Alexakis: The Court has reviewed the joint status report 85 and appreciates the parties' efforts to bring it up to speed. In their status report, the parties jointly request a stay of discovery until defendants' motion to dismiss has been resolved. Although the filing of a dispositive motion does not automatically stay discovery, the Court agrees with the parties that a stay is appropriate here given that defendants' pending motion has the potential to resolve or narrow this case. This is especially true where defendants' motion to dismiss advances arguments bearing on the Court's jurisdiction over the matter and the statute of limitations. The Court, therefore, in its broad discretion to manage its docket and control case schedules, determines that a stay of discovery is appropriate. Lastly, although the Court recognizes that the parties are not interested in a settlement conference at this juncture, if that sentiment changes the parties should email the Courtroom Deputy and the Court will enter a referral to the assigned Magistrate Judge. (ca, ) (Entered: 02/10/2025) |
|---|---|---|---|
| 02/13/2025 | 87 | | SEALED MOTION by Plaintiff Skywave Networks, LLC *PLAINTIFFS MOTION FOR LEAVE TO FILE UNDER SEAL AMENDED COMPLAINT AND EXHIBITS* (Barker, Justin) (Entered: 02/13/2025) |
| 02/13/2025 | 88 | | SEALED DOCUMENT by Plaintiff Skywave Networks, LLC *First Amended Complaint* (Attachments: # 1 Exhibit)(Barker, Justin) (Entered: 02/13/2025) |
| 02/13/2025 | 89 | ☐ | NOTICE of Motion by Justin A Barker for presentment of Sealed motion 87 before Honorable Georgia N Alexakis on 2/20/2025 at 09:30 AM. (Barker, Justin) (Entered: 02/13/2025) |
| 02/13/2025 | 90 | ☐ | *FIRST* AMENDED complaint by Skywave Networks, LLC against William J. Disomma, Paul A. Gurinas, Matthew Hinerfeld, Jump Trading, LLC, Virtu Financial, Inc.,, John Madigan and terminating Jump Financial, LLC, Jump Trading Holdings, LLC, NLN Holdings, LLC, New Line Networks, LLC, Paul A. Gurinas Trust, William Disomma Trust, World Class Wireless, LLC, 10Band, LLC and ECW Wireless, LLC (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6-A, # 7 Exhibit 6-B, # 8 Exhibit 7-A, # 9 Exhibit 7-B, # 10 Exhibit 8-A, # 11 Exhibit 8-B, # 12 Exhibit 9-A, # 13 Exhibit 9-B, # 14 Exhibit 10-A, # 15 Exhibit 10-B, # 16 Exhibit 11-A, # 17 Exhibit 11-B, # 18 Exhibit 12-A, # 19 Exhibit 12-B, # 20 Exhibit 13-A, # 21 Exhibit 13-B, # 22 Exhibit 14-A, # 23 Exhibit 14-B, # 24 Exhibit 15-A, # 25 Exhibit 15-B, # 26 Exhibit 16-A, # 27 Exhibit 16-B, # 28 Exhibit 17-A, # 29 Exhibit 17-B, # 30 Exhibit 18-A, # 31 Exhibit 18-B, # 32 Exhibit 19-A, # 33 Exhibit 19-B, # 34 Exhibit 20-A, # 35 Exhibit 20-B, # 36 Exhibit 21-A, # 37 Exhibit 21-B, # 38 Exhibit 22-A, # 39 Exhibit 22-B, # 40 Exhibit 23-A, # 41 Exhibit 23-B, # 42 Exhibit 24-A, # 43 Exhibit 24-B, # 44 Exhibit 25-A, # 45 Exhibit 25-B, # 46 Exhibit 26-A, # 47 Exhibit 26-B, # 48 Exhibit 27-A, # 49 Exhibit 27-B, # 50 Exhibit 28-A, # 51 Exhibit 28-B, # 52 Exhibit 29-A, # 53 Exhibit 29-B, # 54 |

| | | | |
|---|---|---|---|
| | | | Exhibit 30-A, # 55 Exhibit 30-B, # 56 Exhibit 31-A, # 57 Exhibit 31-B, # 58 Exhibit 32-A, # 59 Exhibit 32-B, # 60 Exhibit 33-A, # 61 Exhibit 33-B, # 62 Exhibit 34-A, # 63 Exhibit 34-B, # 64 Exhibit 35-A, # 65 Exhibit 35-B, # 66 Exhibit 36-A, # 67 Exhibit 36-B, # 68 Exhibit 37-A, # 69 Exhibit 37-B, # 70 Exhibit 38-A, # 71 Exhibit 38-B, # 72 Exhibit 39-A, # 73 Exhibit 39-B, # 74 Exhibit 40-A, # 75 Exhibit 40-B, # 76 Exhibit 41-A, # 77 Exhibit 41-B, # 78 Exhibit 42-A, # 79 Exhibit 42-B, # 80 Exhibit 42-C, # 81 Exhibit 42-D, # 82 Exhibit 42-E, # 83 Exhibit 42-F, # 84 Exhibit 42-G, # 85 Exhibit 42-H, # 86 Exhibit 42-I, # 87 Exhibit 42-J, # 88 Exhibit 42-K, # 89 Exhibit 42-L, # 90 Exhibit 43-A, # 91 Exhibit 43-B, # 92 Exhibit 43-C, # 93 Exhibit 43-D, # 94 Exhibit 44-A, # 95 Exhibit 44-B, # 96 Exhibit 44-C, # 97 Exhibit 44-D, # 98 Exhibit 45-A, # 99 Exhibit 45-B, # 100 Exhibit 45-C, # 101 Exhibit 45-D, # 102 Exhibit 45-A, # 103 Exhibit 46-B, # 104 Exhibit 46-C, # 105 Exhibit 46-D, # 106 Exhibit 46-E, # 107 Exhibit 46-F, # 108 Exhibit 46-G, # 109 Exhibit 46-H, # 110 Exhibit 46-I, # 111 Exhibit 47, # 112 Exhibit 48, # 113 Exhibit 49, # 114 Exhibit 50, # 115 Exhibit 51, # 116 Exhibit 52, # 117 Exhibit 53, # 118 Exhibit 54, # 119 Exhibit 55)(Barker, Justin) (Entered: 02/13/2025) |
| 02/13/2025 | 🔒🔒 91 | ☐ | SUMMONS Submitted (Court Participant) for defendant(s) John Madigan by Plaintiff Skywave Networks, LLC (Barker, Justin) (Entered: 02/13/2025) |
| 02/14/2025 | 🔒 | | (Ex Parte) SUMMONS - ERROR UNPROCESSED due to Missing presiding Magistrate Judge assigned to case on the summons (dec, ) (Entered: 02/14/2025) |
| 02/14/2025 | 🔒🔒 92 | ☐ | SUMMONS Submitted (Court Participant) for defendant(s) John Madigan by Plaintiff Skywave Networks, LLC (Barker, Justin) (Entered: 02/14/2025) |
| 02/14/2025 | 🔒 93 | ☐ | SUMMONS Issued (Court Participant) as to Defendant John Madigan (dec, ) (Entered: 02/14/2025) |
| 02/18/2025 | 94 | ☐ | MINUTE entry before the Honorable Georgia N Alexakis: Based on email communication to the Courtroom Deputy, defendants have represented that they do not oppose plaintiff's motion to file under seal the first amended complaint and exhibits 87 . The Court therefore grants the motion to seal, without prejudice to defendants raising an objection at a later point in this litigation to the continued sealing of portions of the first amended complaint. In light of the first amended complaint, the Court denies as moot defendants' motion to dismiss the original complaint 70 , 74 . See Flannery v. Recording Indus. Ass'n of Am., 354 F.3d 632, 638 n.1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void."). The Court also vacates the briefing schedule on defendants' motion to dismiss 84 . The Court converts the 9:30 a.m. hearing on 2/20/25 regarding plaintiff's motion for leave to file under seal to a status hearing to discuss next steps in light of the first amended complaint. The parties are invited to propose a joint briefing schedule on any dispositive |

| | | | |
|---|---|---|---|
| | | | motion that defendants intend to file seeking dismissal of the first amended complaint. If the parties are able to propose a joint briefing schedule (via email to the Courtroom Deputy) by 3 p.m. on 2/19/25, the Court will vacate the 2/20/25 status hearing. (ca, ) (Entered: 02/18/2025) |
| 02/19/2025 | 95 | ☐ | MOTION by Plaintiff Skywave Networks, LLC to set a briefing schedule *AGREED MOTION TO SET AMENDED BRIEFING SCHEDULE AND PAGE LIMITS ON DEFENDANTS MOTION TO DISMISS*<br><br>(Jamie, Dohopolski) (Entered: 02/19/2025) |
| 02/19/2025 | 96 | ☐ | MINUTE entry before the Honorable Georgia N Alexakis: The Court grants the parties' agreed motion requesting an amended briefing schedule and oversized briefs 95 . Defendants' motion to dismiss plaintiff's first amended complaint is due by 4/21/25. Plaintiff's response is due by 5/21/25 (or 30 days from the date the motion to dismiss is filed, whichever is earlier). Defendants' reply in support of their motion to dismiss is due by 6/20/25 (or 30 days from the date plaintiff's response is filed, whichever is earlier). The motion to dismiss and the response shall not exceed 35 pages; the reply shall not exceed 20 pages. No appearance is required on 2/20/25. (ca, ) (Entered: 02/19/2025) |
| 02/19/2025 | 97 | ☐ | WAIVER OF SERVICE returned executed by Skywave Networks, LLC. John Madigan waiver sent on 2/19/2025, answer due 4/21/2025. (Patnaik, Goutam) (Entered: 02/19/2025) |
| 03/04/2025 | 98 | ☐ | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-23164517.<br><br>(Derbish, Thomas) (Entered: 03/04/2025) |
| 03/06/2025 | 99 | ☐ | MINUTE entry before the Honorable Georgia N Alexakis: Motion for leave to appear pro hac vice by Thomas Derbish 98 is granted. (ca, ) (Entered: 03/06/2025) |
| 03/06/2025 | 100 | ☐ | ATTORNEY Appearance for Plaintiff Skywave Networks, LLC by Thomas J. Derbish (Derbish, Thomas) (Entered: 03/06/2025) |
| 04/21/2025 | 101 | ☐ | MOTION by Defendants John Madigan, William J. Disomma, Paul A. Gurinas, Jump Trading, LLC, Virtu Financial, Inc.,, Matthew Hinerfeld to dismiss *First Amended Complaint*<br><br>(Yin, Ingrid) (Entered: 04/21/2025) |
| 04/21/2025 | 102 | ☐ | MEMORANDUM by William J. Disomma, Paul A. Gurinas, Matthew Hinerfeld, Jump Trading, LLC, John Madigan, Virtu Financial, Inc., in support of motion to dismiss 101 *First Amended Complaint* (Attachments: # 1 Exhibit A, # 2 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Declaration)(Yin, Ingrid) (Entered: 04/21/2025) |

| | | | |
|---|---|---|---|
| 04/21/2025 | 103 | ☐ | MOTION by Defendants William J. Disomma, Paul A. Gurinas, Matthew Hinerfeld, Jump Trading, LLC, John Madigan, Virtu Financial, Inc., to seal *Unredacted Memorandum* (Yin, Ingrid) (Entered: 04/21/2025) |
| 04/21/2025 | 104 | | SEALED DOCUMENT by Defendants William J. Disomma, Paul A. Gurinas, Matthew Hinerfeld, Jump Trading, LLC, John Madigan, Virtu Financial, Inc., *Unredacted Memorandum* (Yin, Ingrid) (Entered: 04/21/2025) |
| 04/22/2025 | 105 | ☐ | MINUTE entry before the Honorable Georgia N Alexakis: The Court grants defendants' motion for leave to file under seal the unredacted version of their memorandum in support of their motion to dismiss 103 . (ca, ) (Entered: 04/22/2025) |
| 05/21/2025 | 106 | | SEALED MOTION by Plaintiff Skywave Networks, LLC *PLAINTIFFS MOTION FOR LEAVE TO FILE UNDER SEAL PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS FIRST AMENDED COMPLAINT* (Barker, Justin) (Entered: 05/21/2025) |
| 05/21/2025 | 107 | | SEALED RESPONSE by Skywave Networks, LLC to MOTION by Defendants John Madigan, William J. Disomma, Paul A. Gurinas, Jump Trading, LLC, Virtu Financial, Inc.,, Matthew Hinerfeld to dismiss *First Amended Complaint* 101 *PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS FIRST AMENDED COMPLAINT* (Barker, Justin) (Entered: 05/21/2025) |
| 05/21/2025 | 108 | ☐ | RESPONSE by Skywave Networks, LLCin Opposition to MOTION by Defendants John Madigan, William J. Disomma, Paul A. Gurinas, Jump Trading, LLC, Virtu Financial, Inc.,, Matthew Hinerfeld to dismiss *First Amended Complaint* 101 *PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS FIRST AMENDED COMPLAINT* (Barker, Justin) (Entered: 05/21/2025) |
| 05/22/2025 | 109 | ☐ | MINUTE entry before the Honorable Georgia N Alexakis:The Court grants plaintiff's motion for leave to file under seal its opposition to defendant's motion to dismiss 106 . The Clerk of Court is directed to unseal the motion at 106 , as the motion itself does not contain confidential information. (ca, ) (Entered: 05/22/2025) |
| 06/20/2025 | 110 | ☐ | REPLY by Defendants William J. Disomma, Paul A. Gurinas, Matthew Hinerfeld, Jump Trading, LLC, John Madigan, Virtu Financial, Inc., to response in opposition to motion, 108 (Gair, Chris) (Entered: 06/20/2025) |
| 07/03/2025 | 111 | ☐ | MOTION by Plaintiff Skywave Networks, LLC for leave to file *Plaintiffs Motion For Leave To File Sur-Reply In Opposition To Defendants Motion To Dismiss First Amended Complaint* |

| | | | |
|---|---|---|---|
| | | | (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Barker, Justin) (Entered: 07/03/2025) |
| 07/03/2025 | 112 | ☐ | NOTICE of Motion by Justin A Barker for presentment of motion for leave to file, 111 before Honorable Georgia N Alexakis on 7/14/2025 at 09:30 AM. (Barker, Justin) (Entered: 07/03/2025) |
| 07/03/2025 | 113 | ☐ | MOTION by Defendants William J. Disomma, Paul A. Gurinas, Matthew Hinerfeld, Jump Trading, LLC, John Madigan, Virtu Financial, Inc., to amend/correct reply 110<br><br>(Attachments: # 1 Corrected Reply Brief)(Yin, Ingrid) (Entered: 07/03/2025) |
| 07/03/2025 | 114 | ☐ | MINUTE entry before the Honorable Georgia N Alexakis: The Court grants defendants' motion for leave to file a corrected reply brief in support of their motion to dismiss the first amended complaint 113 . Defendants are directed to file the corrected version of their reply brief as a separate entry on the docket on or before 7/7/25. The Court denies as moot plaintiff's motion for leave to file a surreply in opposition to defendants' motion to dismiss the first amended complaint 111 . No appearance is required on 7/17/25. (ca, ) (Entered: 07/03/2025) |
| 07/03/2025 | 115 | ☐ | REPLY by Defendants William J. Disomma, Paul A. Gurinas, Matthew Hinerfeld, Jump Trading, LLC, John Madigan, Virtu Financial, Inc., to response in opposition to motion, 108 *Corrected* (Yin, Ingrid) (Entered: 07/03/2025) |
| 08/29/2025 | 116 | ☐ | MOTION by Plaintiff Skywave Networks, LLC to withdraw *Motion of Withdrawal of Counsel.*<br><br>(Barker, Justin) (Entered: 08/29/2025) |
| 08/29/2025 | 117 | ☐ | MINUTE entry before the Honorable Georgia N. Alexakis: The Court grants the motion to withdraw Goutam Patnaik as attorney 116 . (ca, ) (Entered: 08/29/2025) |
| 12/02/2025 | 118 | ☐ | MINUTE entry before the Honorable Georgia N. Alexakis: For the reasons set forth in the accompanying memorandum opinion and order, the Court does not have subject matter jurisdiction over Skywave's amended complaint and therefore grants defendants' motion to dismiss 101 . The dismissal is without prejudice. Enter Memorandum Opinion and Order. Civil case terminated. (ca, ) (Entered: 12/02/2025) |
| 12/02/2025 | 119 | ☐ | MEMORANDUM Opinion and Order Signed by the Honorable Georgia N. Alexakis on 12/2/25.(ca, ) (Entered: 12/02/2025) |
| 12/02/2025 | 120 | ☐ | ENTERED JUDGMENT Signed by the Courtroom Deputy on 12/2/25.(ca, ) (Entered: 12/02/2025) |
| 12/31/2025 | 121 | | PAYMENT by Skywave Networks, LLC of Filing fee $ 605, receipt number AILNDC-24530445. (Barker, Justin) (Entered: 12/31/2025) |

| | | | |
|---|---|---|---|
| 12/31/2025 | 122 | ☐ | REQUEST for Clerk of Court to refund filing fee in the amount of $605.00, receipt no. AILNDC-24530445, regarding 605.00 fee payment of notice of appeal 121 (Barker, Justin) (Entered: 12/31/2025) |
| 12/31/2025 | 123 | ☐ | NOTICE of appeal by Skywave Networks, LLC regarding orders 120 Filing fee $ 605, receipt number AILNDC-24530635. Receipt number: n (Barker, Justin) (Entered: 12/31/2025) |
| 12/31/2025 | 124 | ☐ | DOCKETING Statement by Skywave Networks, LLC regarding notice of appeal 123 (Barker, Justin) (Entered: 12/31/2025) |
| 01/05/2026 | 125 | | REFUND PROCESSED re REQUEST for Clerk of Court to refund filing fee in the amount of $605.00, receipt no. AILNDC-24530445, regarding 605.00 fee payment of notice of appeal 121 (Barker, Justin) 122 (td, ) (Entered: 01/05/2026) |
| 01/06/2026 | 126 | ☐ | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 123 . (aee, ) (Entered: 01/06/2026) |

or